1    LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
     Ronald N. Richards (SBN 176246)
2    Email:  ron@ronaldrichards.com
     P.O.  Box 11480
3    Beverly Hills, California  90213
     Telephone:   (310) 556-1001
4    Facsimile:    (310) 277-3325

5    SEYFARTH SHAW LLP
     Geoffrey S. Long (SBN 187429)
6    E-mail:  glong@seyfarth.com
     333 South Hope Street, Suite 3900
7    Los Angeles, California 90071
     Telephone:  (213) 270-9600
8    Facsimile:   (213) 270-9601

9    Attorneys for Plaintiff/Assignee/Real Party In Interest FALLEN STAR, LLC

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12   FALLEN STAR, LLC,                    )   Case No. CV 12-05738-R (PJWx)
                                          )
13                Plaintiff,              )
                                          )   [HONORABLE MANUEL L. REAL
14         v.                             )   COURTROOM 8]
                                          )
15   STAR NEWS BUILDING, LP, a            )   **ORDER GRANTING PLAINTIFF'S**
     California limited partnership; STAR )   **MOTION FOR SUMMARY**
16   NEWS BUILDING LLC, a California      )   **JUDGMENT AGAINST DEFENDANT**
     limited liability Company; MICHAEL   )   **GERSON I. FOX AND FINDINGS OF**
17   KAMEN, an individual; GERSON I.      )   **UNCONTROVERTED FACTS AND**
     FOX, an individual; and ALL OTHERS,  )   **CONCLUSIONS OF LAW**
18   KNOWN OR UNKNOWN CLAIMING            )
     ANY LEGAL OR EQUITABLE RIGHT,        )
19   TITLE, ESTATE, LIEN OR INTEREST      )
     IN OR TO THE PROPERTY                )
20   DESCRIBED IN THE COMPLAINT           )
     ADVERSE TO PLAINTIFF'S TITLE,        )
21   OR ANY CLOUD ON PLAINTIFF'S          )
     TITLE THERETO; and DOES 1 through    )
22   100, Inclusive,                      )
                                          )
23                Defendants.             )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26   ─────────────────────────────────── )

27

28

                                    PROPOSED ORDER GRANTING MSJ
                                    Case No. CV 12-05738-R (PJWx)

15449279v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On April 1, 2013, Plaintiff/Assignee/Real Party in Interest FALLEN STAR, LLC's ("Plaintiff" or "Fallen Star") Motion for Summary Judgment against Defendant GERSON I. FOX ("Defendant") for Breach of Guaranty came on regularly for hearing before the Honorable Judge Manual L. Real, Courtroom 8, of the United States District Court, Central District of California. Ronald N. Richards and Geoffrey S. Long appeared as counsel of record for Plaintiff. Gabriele M. Lashly and Jeffrey G. Coyner appeared as counsel of record for Defendant.

The Court, having considered all papers and evidence filed in support of and in opposition to the Motion for Summary Judgment and having received argument from counsel for Defendant, finds that there are no disputes of material fact, and Plaintiff is entitled to judgment as a matter of law. The Court grants Plaintiff's Motion for Summary Judgment against Defendant Gerson I. Fox, and judgment shall be entered forthwith.

The Court's ruling granting Plaintiff's Motion for Summary Judgment is based on the findings of uncontroverted facts and conclusions of law, set forth herein and below, and as stated on the record at the April 1, 2013 hearing on the Motion for Summary Judgment.

## UNCONTROVERTED FACTS

| Uncontroverted Material Fact | Supporting Evidence |
|---|---|
| | |

15449279v.1

| | |
|---|---|
| 1.    For value received and in exchange for a loan in the original principal sum of $11,950,000 ("Loan") from Telesis Community Credit Union ("Original Lender") to Star News Building, L.P. ("Borrower"), Borrower made, executed, and delivered to Original Lender a Promissory Note, dated August 8, 2008, in the original principal amount of $11,950,000 ("Note"). | Exh. "A" to Plaintiff's Appendix of Evidence and Declarations in Support of Motion for Summary Judgment ("Appendix of Evidence")[1]; Declaration of Craig Page ("Page Decl."), at ¶¶ 10 and 13. |
| 2.    The Note provides for monthly payments of principal and accrued interest in the amount of $74,747.96 on the first of each month beginning on October 1, 2008, until the entire principal balance evidenced by the Note is paid. | Exh. "A" at p. 1, ¶ 3(c). |
| 3.    The Note provides that an "Event of Default" under the Note includes an "Event of Default" under the Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust," and defined in the Note as the Security Agreement). | Exh. "A" at p. 1, ¶¶ 1 and 5. |

PROPOSED ORDER GRANTING MSJ
Case No. CV 12-05738-R (PJWx)

15449279v.1

| | |
|---|---|
| 4.      Upon an Event of Default of the Note, the total Indebtedness, defined as the unpaid principal, interest, late charges, default interest, advances, and any other amounts due at the time under the Note and Deed of Trust, shall be accelerated by Original Lender and immediately become due and payable, at the option of Original Lender, without any prior notice to Borrower. | Exh. "A" at pp. 1-2, ¶ 6. |
| 5.      The Note provides for a default interest rate of 10.4% / annum after Borrower's Event of Default. | Page Decl., ¶ 30; Exh. "A" at ¶ 8. |
| 6.      The Note provides, "[i]f the unpaid principal balance and all accrued interest are not paid in full on the Maturity Date [which includes maturity by acceleration upon default], the unpaid principal balance and all accrued interest shall bear interest from the Maturity Date at the Default Rate," *i.e.*, accrued interest is compounded at the Default Rate upon default. | Page Decl., ¶ 30; Exh. "A" at ¶ 8. |

| | |
|---|---|
| 7.     The Note provides that a late charge shall be imposed if the payment of any installment of interest or principal and interest or other amount payable under the Note is not received within 10 day after it is due.  The late charge is 5% of the unpaid amount after acceleration. | Page Decl., ¶ 30; Declaration of Ronald Richards ("Richards Decl."), ¶ 18; Exh. "A" at ¶ 7. |
| 8.     The Note provides, "Borrower shall pay all expenses and costs, including fees and out-of-pocket expenses of attorneys (including Lender's in-house attorneys) and expert witnesses and costs of investigation, incurred by Lender as a result of any default under this Note or in connection with efforts to collect any amount due under this Note, or to enforce the provisions of any of the other Loan Documents, including those incurred in post-judgment collection efforts and in any bankruptcy proceeding (including any action for relief from the automatic stay of any bankruptcy proceeding) or judicial or non-judicial foreclosure proceedings." | Page Decl., ¶ 13; Exh. "A" at ¶ 11. |

| | |
|---|---|
| 9.      As security for the Loan and Note, but not for Defendant's written Guaranty, the Borrower executed and delivered to Original Lender, for the benefit of Original Lender and its assigns, a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing which was recorded in the Official Records, Recorder's Office, Los Angeles County, California, on August 15, 2008, as instrument number 20081472972 ("Deed of Trust"). | Exh. "C;" Page Decl., at ¶¶ 10 and 15. |
| 10.     An Event of Default under the Deed of Trust includes, but is not limited to, "any failure by Borrower to pay or deposit when due any amount required by the Note, this Instrument or any other Loan Document;" "any failure by Borrower to perform any of its obligations under this Instrument … as and when required, which continues for a period of 30 days after notice of such failure by Lender to Borrower;" or "Borrower … voluntarily files for bankruptcy protection under the United States Bankruptcy Code." | Exh. "C" at p. 15, ¶ 22(a), (g), and (k). |

| | |
|---|---|
| 11.     The Deed of Trust requires, "Borrower shall pay, or cause to be paid, all Taxes when due and before the addition of any interest, fine, penalty or cost for nonpayment." "Taxes" are defined to include "all taxes, assessment, vault rentals and other charges … which are levied, assessed or imposed by any public authority or quasi-public authority, and which, if not paid, will become a lien, on the Land or the Improvements." | Exh. "C" at p. 10, ¶ 15(a), and at p. 4, ¶ 1(ee). |
| 12.     In further consideration of the Loan, Defendant Gerson I. Fox ("Defendant" or "Guarantor") and Michael J. Kamen made, executed, and delivered a written Guaranty, dated August 8, 2008 ("Guaranty"), for the benefit of Original Lender, and/or its assigns. | Exh. "I;" Page Decl., at ¶¶ 10 and 21. |
| 13.     The obligations of Defendant and Michael J. Kamen under the Guaranty are joint and several, and Original Lender or its assigns may bring suit against one or more of said guarantors. | Exh. "I" at p. 3, ¶ 11. |

15449279v.1

| | |
|---|---|
| 14.     Pursuant to the Guaranty, Defendant guaranteed, *inter alia*, all of Borrower's repayment of the Loan and "full and prompt payment when due, whether at maturity or earlier, by reason of acceleration or otherwise, and at all times thereafter, and the full and prompt performance when due, of … the entire Indebtedness … and all costs and expenses, including reasonable fees and out of pocket expenses of attorneys and expert witnesses, incurred by Lender in enforcing its rights under this Guaranty." | Exh. "I" at p. 1, ¶ 2. |
| 15.     Defendant's obligations under the Guaranty constitute an unconditional guaranty of payment and not merely a guaranty of collection, and shall be performed by Defendant without demand by Original Lender or its assigns. | Exh. "I" at p. 1, ¶¶ 4 and 5. |
| 16.     The Guaranty is unsecured. | Exh. "I." |
| 17.     The Guaranty provides that Original Lender, or its assign, may bring a separate action against Defendant without proceeding against the Borrower or any security held by Original Lender, and without pursuing any other remedy. | Exh. "I" at p. 2, ¶¶ 6, 8, and 9. |

| | |
|---|---|
| 18.    The Guaranty could be assigned, in whole or in part. | Exh. "I" at p. 3, ¶ 16. |
| 19.    The Guaranty contains explicit, unconditional, comprehensive, and valid waivers of defenses, including but not limited to a full and complete California *Civil Code*, section 2856, waiver as follows:<br><br>The Guarantor waives all rights and defenses that the Guarantor may have because the debtor's debt is secured by real property.  This means, among other things: (1) creditor may collect from the Guarantor without first foreclosing on any real or personal property collateral pledged by the debtor. (2) If the creditor forecloses on any real property collateral pledged by the debtor (A) The amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (B) The creditor may collect from Guarantor even if the creditor, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from the debtor. This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have because the debtor's debt is secured by real property.  These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure. | Exh. "I" at p. 2, ¶ 9; *see also*, Exh. "I" at p. 2, ¶¶ 6 and 8. |

PROPOSED ORDER GRANTING MSJ
Case No. CV 12-05738-R (PJWx)

15449279v.1

| | |
|---|---|
| 20.    Business Partners, LLC ("Servicer") was the servicer on the Loan and Note initially for Original Lender and then for National Credit Union Administration Board ("Liquidating Agent"), as the liquidating agent for Original Lender. | Page Decl., ¶ 2. |

| | |
|---|---|
| 21.    Borrower defaulted on its obligations under the Loan, Note, and Deed of Trust by, among other things, (a) failing to pay property taxes for tax year 2008 for APN # 5723-028-023 and APN # 5723-016-036 ("Real Property Collateral"), which are the real property collateral for the Loan, Note, and Deed of Trust; (b) failing to pay default interest since its default in September 2009 and Original Lender's imposition of the default interest rate at that time; (c) failing to make a payment on the Loan and Note the months of February through May 2011; (d) Borrower's filing a Voluntary Petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code on April 29, 2011, in the Central District of California, Case No. 2:11-bk-28697-BB (the "Bankruptcy Action"); and (e) failing to pay the full indebtedness owed on the Loan and Note after its foregoing defaults and acceleration of all amounts due and owing on the Loan and Note on October 1, 2009. | Page Decl., ¶¶ 32 - 34; Richards Decl., ¶¶ 10-12; Exhs. "Q," "R," "S," "U," and "V." |

| | |
|---|---|
| 22. On and about September 15, 2009, Servicer, on behalf of Original Lender, gave notice to Borrower and Defendant of the default on the Loan and Note for failure to pay property taxes on the Real Property Collateral, and of the imposition of default interest under paragraph 8 of the Note. Because those defaults were not cured after such notice, a Notice of Default was recorded in the Official Records, Recorder's Office, Los Angeles County, California on March 17, 2011, as instrument number 11 0409586. | Page Decl., ¶¶ 33; Exh. "R." |
| 23. Borrower has failed to cure its defaults, and remains in default. | Page Decl., ¶¶ 33 and 34; Richards Decl., ¶¶ 11 and 12; Exhs. "S," "U," and "V." |
| 24. Following Borrower's defaults on the Loan and Note, Defendant defaulted on his obligations to Original Lender, then Liquidating Agent, and now to Plaintiff as its assignee, pursuant to the Guaranty, by failing to pay all of the Borrower's indebtedness. | Page Decl., ¶¶ 30, 32, 33, and 34; Richards Decl., ¶¶ 13-15; Exhs. "Q and "S." |

15449279v.1

| | |
|---|---|
| 25.    On or about May 31, 2012, pursuant to 12 USC §1787(a)(1), Original Lender was placed into involuntary liquidation by the Liquidating Agent, who was appointed as the liquidating agent of Original Lender. | Page Decl., at ¶¶ 2, 6, and 7. |
| 26.    In exchange for valuable consideration and in furtherance of a Loan Purchase and Sale Agreement, dated December 3, 2012, by and between Plaintiff Fallen Star, LLC ("Plaintiff") and Liquidating Agent, and as evidenced by an Assignment of Seller's Interest in Loans and Loan Documents and Assumption effective as of December 20, 2012 ("Assignment Agreement"), Liquidating Agent, on behalf of Original Lender, assigned and transferred all of its rights, title, interest, and remedies in and to, *inter alia*, the Loan, Note, Deed of Trust, Guaranty, and all other loan documents to Plaintiff. | Page Decl., at ¶ 27; Richards Decl., at ¶¶ 5 and 6; Exh. "O." |

PROPOSED ORDER GRANTING MSJ
Case No. CV 12-05738-R (PJWx)

15449279v.1

| | |
|---|---|
| 27. In furtherance of the Loan Purchase and Sale Agreement and Assignment Agreement, Liquidating Agent made, executed, and delivered to Plaintiff an Allonge to the Note, dated December 17, 2012 ("Allonge"), assigning to Plaintiff all of Liquidating Agent's right, title, interest, and remedies in and to the Note. | Page Decl., at ¶ 28; Richards Decl. at ¶ 7; Exh. "P." |
| 28. In furtherance of the Loan Purchase and Sale Agreement and Assignment Agreement, Liquidating Agent executed and recorded an Assignment of Deed of Trust and Amendment to Deed of Trust, to Plaintiff as assignee and beneficiary, recorded in the Official Records, Recorder's Office, Los Angeles County, California, on December 21, 2012, as instrument number 20121988890 ("Assignment of Deed of Trust"). | Richards Decl., at ¶ 8; Exh. "T." |

PROPOSED ORDER GRANTING MSJ
Case No. CV 12-05738-R (PJWx)

15449279v.1

| | |
|---|---|
| 29.     Pursuant to said Assignment Agreement, Allonge, and Assignment of Deed of Trust, Plaintiff is the owner of all right, title, interest, and remedies in and to, *inter alia*, the Loan, Note, Deed of Trust, Guaranty, and related loan documents. | Page Decl., at ¶ 29; Richards Decl., at ¶ 9. |
| 30.     Subsequent to Liquidating Agent's assignment to Plaintiff of all of Original Lender/Liquidating Agent's right, title, interest, and remedies in and to, *inter alia*, the Loan, Note, Deed of Trust, Guaranty, and related loan documents, Borrower has remained in default of its obligations pursuant to the Loan, Note, and Deed of Trust by, among other things, (a) failing to pay all outstanding principal, accrued interest, late fees, and other fees and costs on the Loan and Note; (b) failing to pay default interest; and (c) Borrower's continuing forward with the Bankruptcy Action. | Richards Decl., at ¶ 12. |

15449279v.1

| | |
|---|---|
| 31. Subsequent to Liquidating Agent's assignment to Plaintiff of all of Original Lender/Liquidating Agent's right, title, interest, and remedies in and to the Loan, Note, Deed of Trust, Guaranty, and related loan documents, Defendant has remained in default of his obligations pursuant to the Guaranty by, among other things, failing to pay all of the indebtedness and obligations of Borrower upon Borrower's foregoing defaults. | Richards Decl., at ¶ 14. |
| 32. As a result of Defendant's failure to make payment under the Guaranty, Plaintiff has been damaged in the amount of at least $15,009,516.15 as of April 1, 2013, which is composed of $11,813,827.03 in unpaid principal, $2,034,067.01 in accrued interest, $840,956.67 in late fees, and $320,665.44 in other recoverable fees and costs incurred by Original Lender and Liquidating Agent in enforcing the rights and remedies under the Note, Deed of Trust, and Guaranty, including but not limited to attorneys' fees. | Page Decl., ¶¶ 11 and 30; Richards Decl., ¶¶ 16-18; Exhs. "Q" and "S." |

PROPOSED ORDER GRANTING MSJ
Case No. CV 12-05738-R (PJWx)

15449279v.1

| | |
|---|---|
| 33.    As of the effective date of Liquidating Agent's assignment to Plaintiff, December 20, 2012, other enforcement fees and costs incurred by Original Lender and Liquidating Agent and recoverable under the Note, Deed of Trust, and Guaranty, including credit reports, legal fees, field visits, prior unpaid late charges, reconveyance fee, statement fee, mailing and recording fees, and UCC 3 termination fees, totaled $320,665.44. | Page Decl., ¶ 30; Exhs. "A" at ¶ 11, "C" at ¶ 44, "I" at ¶ 2, and "Q." |
| 34.    Additional prejudgment interest after the April 1, 2013 Motion for Summary judgment hearing date accrues at the daily rate of $3,412.88. | Richards Decl., ¶¶ 16, 17; Exh. "S." |
| 35.    Plaintiff has a right to its attorneys' fees and costs incurred in enforcing its rights under the Guaranty. | Exhs. "A" at ¶ 11, "C" at ¶ 44, "I" at ¶ 2, and "Q." |

## CONCLUSIONS OF LAW

| **Conclusions of Law** | **Authority** |
|---|---|
| | |

| | |
|---|---|
| 1.      Summary judgment is appropriate where, like here, there are no genuine disputes of material fact, and the moving party is entitled to a judgment as a matter of law. | Federal Rule of Civil Procedure 56(a). |
| 2.      Jurisdiction continues to be appropriate in this case, notwithstanding the substitution of Plaintiff for the National Credit Union Administration Board ("Liquidating Agent").  There continues to be a basis for original jurisdiction in the United States District Court through federal question jurisdiction.  Explicit federal policy interest mandates continuing original jurisdiction over this case because Plaintiff is merely a successor-in-interest to the Liquidating Agent. | *Adair v. Lease Partners, Inc.*, 587 F.3d 238 (5th Cir. 2009); *Burka v. Aetna Life Ins. Co.*, 87 F3d 478 (D.C. Cir. 1996); *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 US 426 (1991). |
| 3.      There is continuing federal jurisdiction because Plaintiff is entitled to rely upon the same protection as its predecessor-in-interest, the Liquidating Agent, including protections under the D'Oench Duhme Doctrine. | *D'Oench, Duhme & Company v. FDIC*, 315 U.S. 447 (1942). |

PROPOSED ORDER GRANTING MSJ
Case No. CV 12-05738-R (PJWx)

15449279v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 4.     Even if remand were discretionary, the only purpose it would serve is delay and, therefore, it would not be appropriate. | *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011). |
| --- | --- |

PROPOSED ORDER GRANTING MSJ
Case No. CV 12-05738-R (PJWx)

| | |
|---|---|
| 5.     By operation of law, upon Telesis Community Credit Union ("Original Lender") being placed into involuntary liquidation by the Liquidating Agent, the Liquidating Agent succeeded to all rights, titles, powers, and privileges of Original Lender, and Liquidating Agent has the following power and authority over Original Lender, *inter alia*:<br><br>    a)    to operate Telesis, including but not limited to taking over the assets of and operate Telesis with all the powers of the members or shareholders, the directors, and the officers of Telesis, to conduct all business of Telesis, to collect all obligations and money due Telesis, and to perform all functions of Telesis in the name of Telesis (12 U.S.C. §1787(b)(2)(B));<br><br>    b)    to function as Telesis's officers, directors, and shareholders (12 U.S.C. §1787(b)(2)(C)); and<br><br>    c)    to place Telesis in liquidation and proceed to realize upon its assets (12 U.S.C. §1787(b)(2)(E)). | 12 U.S.C. § 1787(b)(2). |

15449279v.1

| | |
|---|---|
| 6.      A written guaranty is an enforceable and binding contract, and constitutes a separate and independent obligation from that of the principal debt. | California *Civil Code*, §§ 1550, 2787, and 2792; *United Central Bank v. Superior Court* (2009) 179 Cal.App.4th 212, 215. |
| 7.      Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the creditor, and forms with that obligation a part of the consideration to him, no other consideration need exist. | California *Civil Code*, § 2792. |
| 8.      A plaintiff's burden of proof on a cause of action for breach of written guaranty is to establish the following essential elements: (1) a valid guaranty, (2) the borrower has defaulted, and (3) the guarantor failed to perform under the guaranty. | *Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813, 819; *Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830. |
| 9.      A guarantor may waive his rights and defenses provided for under California *Code of Civil Procedure*, sections 580a, 580b, 580d, and 726, and such waivers are valid and binding. | California *Code of Civil Procedure*, § 2856; *Gray1 CPB, LLC v. Kolokotronis* (2011) 202 Cal.App.4th 480. |
| 10.     California *Code of Civil Procedure*, section 2856, waivers are valid and binding on guarantors. | *Gray1 CPB, LLC v. Kolokotronis* (2011) 202 Cal.App.4th 480 |

1

2   *IT IS SO ORDERED.*

3

4   Dated: <u>April 18, 2013</u>

5                                          _____
                                             The Honorable Manuel L. Real
                                             United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          PROPOSED ORDER GRANTING MSJ
                                          Case No. CV 12-05738-R (PJWx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted:

DATED:  April 8, 2013         LAW OFFICES OF RONALD RICHARDS
                              & ASSOCIATES, A.P.C.


By:   / s /   Ronald N. Richards
Ronald N. Richards
Attorneys for Plaintiff/Assignee/Real Party
In Interest FALLEN STAR, LLC


Respectfully Submitted:

DATED:  April 8, 2013         SEYFARTH SHAW LLP


By:   / s /   Geoffrey S. Long
Geoffrey S. Long
Attorneys for Plaintiff/Assignee/Real Party
In Interest FALLEN STAR, LLC

PROPOSED ORDER GRANTING MSJ
Case No. CV 12-05738-R (PJWx)

15449279v.1